HEIRS OF ISIDORO CARRASQUILLO ET AL., ETC., Plaintiffs and Appellees, *v.* ANTONIO RIVERA ET AL., Defendants and Appellants.

No. 12324.   Submitted May 28, 1958.—Decided July 30, 1958.

*Rafael A. Arroyo Ríos* for appellants.   *Alejo Rivera Morales* for appellees.

MR. JUSTICE SERRANO GEYLS delivered the opinion of the Court.

The heirs of Isidoro Carrasquillo Muñiz and Ángela Cruz Rexach filed an unlawful detainer proceeding against Antonio Rivera and Antonio Velilla in the Superior Court, Humacao Part.   The complaint is based on Rivera's having subleased to Velilla the premises belonging to the heirs without their authorization.   By stipulation of the parties the case was submitted to the court to be decided on the following evidence: The plaintiffs based their claim on the evidence offered and admitted in civil case No. CS-56-511 between the same parties, before the same court and decided on October 2, 1956; and the defendants based their defense on the record of civil case No. CD-56-131, on recovery of money, filed by the heirs against Antonio Velilla in the District Court, Fajardo Part, on November 23, 1956, and in which there was a voluntary dismissal of the plaintiff on December 28 of the same year.

On July 23, 1957 the Superior Court rendered judgment granting the complaint and ordering Velilla to vacate the premises. The defendants appeal on the ground that the lower court committed three errors. The first error consists in that the court granted the complaint notwithstanding the fact that the plaintiffs did not allege or prove that they had served on the defendants authentic written notice, not less than 60 days in advance of the filing of the unlawful detainer proceeding, as required by § 12-B of the Reasonable Rents Act (17 L.P.R.A. § 194). The other two errors refer to the weighing of evidence and the application made by the lower court of the case of *Campos* v. *Sup. Court; Morales, Int.,* 75 P.R.R. 348 (1953). We agree with appellants in their last two contentions. In view of the nature of the same, it is unnecessary to decide the question of service.

Let us examine the evidence considered by the trial court. The one presented by the plaintiffs consisted, as we have said, of the proof presented in a case of unlawful detainer at sufferance between the same parties. At the hearing of that action held on September 7, 1956, five witnesses testified. Three of them, introduced by plaintiffs, declared in synthesis that there existed a verbal month-to-month lease between the heirs of Antonio Rivera, covering the premises located in Triunfo Street in Fajardo, that it had been an essential condition of said contract that the tenant could not sublease without the landlord's authorization; that Rivera had subleased the premises to Velilla without that authorization and despite express warnings made by some of the heirs, and that Velilla was in possession of said premises and refused to surrender them. The defendants Rivera and Velilla testified that the sublease had been made with the previous approval of one of the heirs and that Velilla had mortgaged his house to buy the business that Rivera had in said premises, and that before making the transaction he made sure that the lessors had no objec-

tion to his using the property. There is no record of the judgment entered in this case, but by the conclusions made by the trial judge in the case on appeal we know that it was rendered on October 8, 1956 and that the complaint was dismissed because it did not meet certain requirements of the Reasonable Rents Act.

The evidence of the defendants in the instant case consisted of the record of case CD-56–131 filed in the District Court, Fajardo Part. On November 23, 1956 the heirs filed in said court an action of debt against Antonio Velilla alone (the alleged wrongful occupant in the instant case) claiming the overdue rental of five months. The second and third allegations of that complaint read as follows:

"2. That the defendant is occupying part of said premises for a Bar-Restaurant by a month-to-month lease and a monthly rent of $34.50.

"3. That said defendant owes the rent up to the present date, from June to October 1956, inclusive, that is, $172.50 which they have (sic) refused to pay notwithstanding the steps that the plaintiffs have taken."

The defendant replied accepting all the facts, but alleged that the heirs owed him $100 for attorney's fees awarded to him by the judgment in the action of unlawful detainer at sufferance already mentioned. He agreed to the court entering judgment against him for $72.50 plus costs. On December 28, 1956 the plaintiff filed in the court a petition entitled Voluntary Dismissal in which he states that "since the defendant paid the debt to the plaintiff, the action should be dismissed."

Considering the evidence of the two aforesaid cases, the trial court found proved that Velilla was in possession of the premises without the written authorization of the lessors and "that the fact that the plaintiffs have required payment of the rent does not preclude the exercise of this action of unlawful detainer, as decided in *Campos* v. *Sup. Court; Morales, Int.*, 75 P.R.R. 348."

We believe that the lower court erred in applying the case of Campos. In that proceeding the complaint against Campos originally contained two causes of action: first, violation of the lease contract when Campos subleased the premises to another person without written authorization of the lessor; the second, for nonpayment of rent. The defendant deposited the rent due and in view of such a deposit the plaintiff abandoned his second cause of action. The defendant later urged before the lower court as well as before this Court, that plaintiff had waived the right to evict him on the ground of sublease upon accepting the rent deposited by the lessor after filing the complaint. In rejecting that allegation it was determined "as a question of law, that where an unauthorized sublease is alleged as a violation on the part of the lessee of his obligations, as a ground for eviction, the isolated fact by itself of acceptance of overdue rent subsequent to the alleged breach, is not equivalent to a waiver of the right to evict." (Pp. 355–56.) This is so because the lease contract is valid according to its terms until a final and unappealable judgment is rendered resolving the contract by reason of unauthorized sublease. During the time elapsed between the filing of the complaint and the date the judgment resolving the contract becomes final, "the lessor is bound to allow the lessee to enjoy the property . . . and the lessee continues under the obligation to pay the corresponding rent." (P. 354.)

The same principle is applicable to "those cases of unlawful detainer at sufferance and for wrongful occupancy where it has been held that the compensation paid for the enjoyment of the property is equivalent to the payment for its use and not to the payment of rent." (P. 355.) And even in other cases "if the acceptance of money is made under such circumstances, that, as a matter of fact, it appears that the money is accepted as compensation for the use and not as rent, inherent in an existing contract, such acceptance of money does not entail a waiver of the former

violation." (P. 355.) On the contrary, in a situation of nonpayment exclusively "the acceptance of the rent forecloses a resolutory judgment, since a judgment for nonpayment can not be entered." (P. 355.)

The case at bar is entirely different from the *Campos* case. Here the trial judge had two elements of basic proof: one, the testimony given on September 7, 1956 in the case of unlawful detainer at sufferance from which a conflict of evidence arises, which the judge was bound to settle; and two, the plaintiffs' admissions in the action of debt made on November and December of that year and which were not controverted, repudiated or explained. Note that in that case, contrary to the *Campos* case, the complaint was filed in an action of debt and was directed not against the person who originally leased the premises (Rivera), but rather against the one (Velilla) to whom the latter subleased, allegedly without the lessor's permission. It is in that action against Velilla, filed two and one-half months after the hearing of the case of unlawful detainer at sufferance, that the plaintiffs allege that Velilla is occupying the premises "by a month-to-month lease of $34.50" and in which they pray that the defendant be ordered to "pay to the party the $172.50 owed up to the present date for the five overdue months, plus the months that he continues using said premises. . . ." Later the plaintiffs abandoned the suit because "the defendant paid the debt." Having accepted in November and December 1956 that there existed a lease contract between the plaintiff and defendant Velilla, and having received from the latter the rent on that account, the plaintiffs can not evict Velilla several months later alleging that the latter occupies the premises by an unauthorized sublease. The question here is not, as in the *Campos* case, accepting the money for rent during the pendency of an unlawful detainer on the ground of an unauthorized sublease made by defendant to another person, but, on the contrary, the plaintiffs' admission that there

exists a contract of lease between them and the defendant, who is not the original tenant but the person to whom said tenant subleased the premises. By virtue of this contract, the defendant ceased to be a wrongful occupant to become a lessee protected by the new juridical relation arising between him and the plaintiffs, and the latter can not evict him relying on the previous legal situation.

The judgment appealed from will be reversed.